## BRINKMAN v. EISLER.

*(City Court of New York, Trial Term.* October 2, 1889.)

CONTRACTS—ACTION ON ILLEGAL CONTRACT.

> Consolidation act N. Y. § 85, provides that any person violating a city ordinance shall be deemed guilty of a misdemeanor. An ordinance of the city of New York prohibits the erection of an awning across the sidewalk. *Held*, that plaintiff, who had erected an awning for defendant in violation of the ordinance, could not recover either on the illegal contract or on a *quantum meruit.*

Motion for new trial on the minutes.

Sebastian G. Brinkman sued H. S. Eisler on a contract. Verdict for plaintiff, and motion for a new trial by defendant.

*Benno Loewy,* for defendant.

NEHRBAS, J. The contract sued upon was for the erection of an awning on the Bowery, a public street, highway, and throughfare in the city of New York, and across the sidewalk thereof. The erection of such awnings is expressly prohibited by an ordinance of the mayor, aldermen, and commonalty of this city, which was read in evidence. By section 85 of the consolidation act "all persons offending against any ordinance passed by the common council shall be deemed guilty of a misdemeanor, and be punished upon conviction by a fine," etc. Hence any attempted erection of an awning across the sidewalk of the Bowery is an illegal act. The plaintiff did attempt to erect such an awning, and was several times interrupted by the police, and it was never, in fact, completed. Upon the trial the case was allowed to go to the jury, who found a verdict in plaintiff's favor for the amount claimed, with several deductions. I think it was error to permit the jury to pass upon the case, and I am of opinion that the plaintiff should have been nonsuited. Where a person agrees to do an unlawful act, and incurs expense, he cannot recover either on the illegal contract or for a *quantum meruit.* The law leaves the parties where they have placed themselves. *Materne* v. *Horwitz,* 101 N. Y. 469, 5 N. E. Rep. 331; ——— v. ———, 1 City Ct. Rep., at page 167, and cases cited. For these reasons the verdict will be set aside and a new trial granted, with costs to abide the event. Plaintiff may have a stay of 30 days after notice of entry of judgment, and 30 days to make a case upon appeal.